## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| RALPH LOGAN<br>AND SHAN LOGAN<br>    Plaintiffs | §<br>§<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION NO. 1:17 cv-497 |
| HARTFORD INSURANCE COMPANY<br>OF THE MIDWEST<br>    Defendant | §<br>§<br>§<br>§ | |

## ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

### PARTIES

1.      Plaintiffs, Ralph Logan and Shan Logan, are individuals who resides in Wimberley, Hays County, Texas.  Plaintiffs' property, located at the address shown below, was severely damaged by the flooding that occurred in Wimberley, Texas on May 24, 2015.

| Property Owners | Street Address | City, State and Zip Code |
|---|---|---|
| Ralph Logan<br>Shan Logan | 304 Hub Drive | Wimberley, Texas 78676 |

2.      Defendant, Hartford Insurance Company of the Midwest ("Hartford"), is a corporation incorporated under the laws of the State of Indiana and qualified to do business in the State of Texas having as its agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas  75201-3136.  Defendant's principal place of business is located at 555 Corporate Drive, Kalispell, MT  59901.

3.      Hartford is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program pursuant to the National Flood Insurance Act ("NFIA" or the

"Act"), as amended 42 U.S.C. § 4001. Hartford issued a Standard Flood Insurance Policy (the "Policy") in its own name, as fiscal agent of the Unites States, to Plaintiffs. Pursuant to 44 C.F.R. section 62.23(d) and (i)(6), Harford was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy.

## JURISDICTION

4.      This action arises under the NFIA (the Act"), Federal regulations and common law, and the flood insurance Policy that Hartford procured for and issued to Plaintiffs in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiffs' property and contents located in this judicial district.

5.      Federal Courts have exclusive jurisdiction pursuant to 42 U.S.C. § 4072 over all disputed claims under an NFIA Policy, without regard to the amount in controversy, whether brought against the government or a WYO company.

6.      This Court has original exclusive jurisdiction to hear this action pursuant to 42 U.S.C. § 4072 because the insured property is located in this judicial district.

7.      This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' property is located and where the substantial part of the events at issue took place.

## FACTUAL BACKGROUND

9.      Hartford sold and issued the Policy to Plaintiffs to insure their property and contents located at the address shown above against physical damage by or from flood.  The Policy was in full force and effect on the date of the disaster referred to herein.

10.      On or about May 24, 2015, a devastating flood along the Blanco River caused widespread devastation destroying and damaging hundreds of homes including Plaintiffs' insured property.

11.      As a result of the flood, Plaintiffs suffered losses by and from flood to the insured Property.  Plaintiffs incurred significant expenses to repair their flood damaged home.

12.      Plaintiffs reported the damage and properly submitted claims to Hartford. Plaintiffs duly performed and fully complied with all of the conditions of the Policy.

13.      Hartford unjustifiably failed and refused to perform its obligations under the Policy and has unfairly limited payment on the Plaintiffs' claim.  Hartford has unfairly and improperly persisted in failing to pay the full amount due on the claim.

### FIRST CLAIM FOR RELIEF

### BREACH OF CONTRACT

14.      Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

15.      Plaintiffs and Hartford entered into a contract when Plaintiffs purchased and Hartford issued the Policy.

16.     The Policy, at all times relevant and material to this case, provided flood insurance coverage to Plaintiffs for, among other things, physical damage caused by flood to Plaintiffs' property and contents located at the address described above.

17.     Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with Hartford regarding Plaintiffs' claims.  Plaintiffs complied with all conditions precedent to Plaintiffs' recovery herein, including appropriate and adequate demands, or Hartford waived or excused such conditions precedent.

18.     Hartford failed to perform and materially breached the insurance contract when it wrongly failed to pay and refused to reimburse Plaintiffs what Plaintiffs are owed for damages the flood caused to property that the Policy covered.

## PRAYER

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment in Plaintiffs' favor and against Hartford Insurance Company of the Midwest, for such amount as Plaintiffs' may prove at trial, and any other general or equitable relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

THE ROLAND BROWN LAW FIRM
15577 Ranch Road 12 * Suite 105
Wimberley, Texas 78676
512/847-2500 * 512/722-6011 fax
Email:  roland@rolandslaw.com
ATTORNEY FOR PLAINTIFF

By: \s\ Roland G. Brown
         Roland G. Brown, SBN 03166500